1 | LATHAM & WATKINS LLP
Patrick E. Gibbs, Bar No. 183174
2 | *patrick.gibbs@lw.com*
140 Scott Drive
3 | Menlo Park, California 94025
Telephone: +1.650.328.4600
4 | Facsimile: +1.650.463.2600

5 | LATHAM & WATKINS LLP
Michele D. Johnson, Bar No. 198298
6 | *michele.johnson@lw.com*
Carolyn A. Dawes, Bar No. 250747
7 | *carolyn.dawes@lw.com*
650 Town Center Drive, 20th Floor
8 | Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
9 | Facsimile: +1.714.755.8290

10 | Attorneys for Nominal Defendant STEC,
Inc. and Individual Defendants Manouch
11 | Moshayedi, Mark Moshayedi, Raymond D.
Cook, Rajat Bahri, F. Michael Ball,
12 | Christopher W. Colpitts, Matthew L. Witte
and Dan Moses

13 |

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16 | WESTERN DIVISION

17 |

18 | Building Trades United Pension Trust Fund, Derivatively on Behalf of STEC, INC.,

Case No. CV 10-00667 SJO (ANX)

19 |

20 | Plaintiff,

**NOTICE OF RELATED, PRIOR CASE**

21 | v.

22 | Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, Rajat Bahri, F. Michael Ball, Christopher W.
23 | Colpitts, Matthew L. Witte and Dan Moses,

24 |

25 | Defendants,

Assigned To:
The Honorable S. James Otero

26 | -and-

27 | STEC, Inc., a California corporation,

28 | Nominal Defendant.

1  I.    **INTRODUCTION**

2        Pursuant to Local Rule 83-1.3.1, defendants STEC, Inc. ("STEC" or the

3  "Company"),  Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, Rajat

4  Bahri, F. Michael Ball, Christopher W. Colpitts, Matthew L. Witte, and Dan Moses

5  (collectively, "Defendants") hereby provide notice to the Court that *Building*

6  *Trades United Pension Trust Fund v. Moshayedi, et al.*, Case No. CV 10-00667

7  SJO (ANX) (the "Derivative Action") (currently pending before the Honorable S.

8  James Otero) is related to *In re STEC, Inc. Securities Litigation*, Case No. SACV

9  09-01304 JVS (MLGx) (the "Securities Class Action") (currently pending before

10  the Honorable James V. Selna).  Because the Securities Class Action pending

11  before Judge Selna was filed first, Defendants respectfully request that the

12  Derivative Action pending before Judge Otero be transferred to Judge Selna.

13        The Securities Class Action alleges claims against certain Defendants for

14  securities fraud arising out of alleged misstatements regarding STEC's competitive

15  position and an announcement that one of the Company's customers may carry

16  inventory into 2010.  Likewise, the Derivative Action alleges claims, purportedly on

17  STEC's behalf, for breach of fiduciary duties against Defendants, that relate to the

18  same factual issues.  Accordingly, in order to avoid the duplication of labor if heard

19  by different Judges, the Derivative Action should be transferred to Judge Selna.

20  II.   **BACKGROUND**

21        A.    **The Securities Class Action: Case No. SACV 09-01304 JVS**
22              **(MLGx) (Judge Selna)**

23        On November 6, 2009, the first of six federal securities class actions against

24  STEC and certain Individual Defendants was filed in this Court and assigned to

25  Judge Selna: *Jean v. STEC, Inc., et al.*, SACV09-01304-JVS-MLGx (C.D. Cal.

26  Nov. 6, 2009) ("Jean") (Ex. A).  Thereafter, five more such actions were filed in

27  this Court: *Sakhai v. STEC, Inc., et al.*, SACV09-01306-DOC-MLGx (C.D. Cal.

28  Nov. 6, 2009) ("Sakhai") (Ex. B); *Greenwald v. STEC, Inc., et al.*, SACV09-1315-

1    CJC-RNBx (C.D. Cal. Nov. 9, 2009) ("Greenwald") (Ex. C); *Munter v. STEC,*
2    *Inc., et al.*, SACV09-1320-DOC-RNBx (C.D. Cal. Nov. 10, 2009) ("Munter") (Ex.
3    D); *Fischer v. STEC, Inc., et al.*, SACV09-8536-CAS-MLGx (C.D. Cal. Nov. 19,
4    2009) ("Fischer") (Ex. E); and *Weinberger v. STEC, Inc., et al.*, SACV09-1460
5    CJC-RNBx (C.D. Cal. Dec. 11, 2009) ("Weinberger") (Ex. F).  On January 21,
6    2010, these actions were consolidated before Judge Selna into *In re STEC, Inc.*
7    *Securities Litigation*, Lead Case No. SACV 09-01304-JVS (MLGx).[1]
8         Each of the complaints was brought on behalf of persons who acquired
9    STEC's common stock during the period of either June 16, 2009 (*Sakhai,*
10   *Greenwald, Munter, Fischer,* and *Weinberger*) or August 3, 2009 (*Jean*) through
11   November 3, 2009.  *Jean* and *Greenwald* allege claims against STEC, Manouch
12   Moshayedi, and Mark Moshayedi, while *Fischer, Munter,* and *Weinberger* add
13   claims against Raymond D. Cook, and *Sakhai*, in addition to Cook, adds claims
14   against certain underwriters.  The complaints allege that Defendants committed
15   violations under Section 10(b) of the Securities Exchange Act of 1934 (the
16   "Exchange Act") and Rule 10b-5 thereunder, and further allege that the Individual
17   Defendants committed violations of Section 20(a) of the Exchange Act.  In
18   addition, *Sakhai* alleges additional counts against Defendants under Sections 11,
19   12(a)(2), and 15 of the Securities Act of 1933.  In general, the allegations of each
20   complaint are premised on (i) alleged misstatements by STEC regarding the
21   Company's competitive position, and (ii) STEC's November 3, 2009
22   announcement that one of its customers might carry inventory from 2009 into
23   2010, potentially affecting the Company's first quarter 2010 financial results.
24   (*Fischer* at ¶¶ 26-51; *Greenwald* at ¶¶ 28-39; *Jean* at ¶¶ 17-23; *Munter* at ¶¶ 25-40;
25   *Sakhai* at ¶¶ 34-65; *Weinberger* at ¶¶ 30-45).
26   _____
     [1]  Because the Consolidated Amended Complaint has not been filed, this notice
27   addresses the six original Securities Class Action complaints all of which
     contain similar allegations.
28

**B.    The Derivative Action: Case No. CV 10-00667 SJO (ANX) (Judge Otero)**

On January 29, 2010, after the Securities Class Action had already been consolidated and the parties had entered into a briefing schedule, Plaintiff Building Trades United Pension Trust Fund filed a shareholder derivative action in this Court, purportedly brought on behalf of STEC: *Building Trades United Pension Trust Fund v. Moshayedi, et al.*, Case No. CV 10-00667 SJO (ANX) (Ex. G.)[2]  The Derivative Action names STEC as a Nominal Defendant, and Manouch Moshayedi, Mark Moshayedi, Raymond D. Cook, Rajat Bahri, F. Michael Ball, Christopher W. Colpitts, Matthew L. Witte, and Dan Moses as Individual Defendants.  The Derivative Action alleges claims for breach of fiduciary duty, abuse of control, gross mismanagement, waste, unjust enrichment, and insider sales.  The Derivative Action contains many of the exact same passages contained in the various Securities Class Action complaints, and like those complaints, is premised on (i) alleged misstatements by STEC regarding the Company's competitive position, and (ii) STEC's November 3, 2009 announcement that one of its customers might carry inventory from 2009 into 2010, potentially affecting the Company's first quarter 2010 financial results. (Deriv. Compl. ¶¶ 29-44.)

**III.    APPLICABLE LEGAL STANDARD**

Local Rule 83-1.3.1 provides that

> At the time a civil action (including a notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter, the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s), stating whether any action previously filed or currently pending in the Central District and the action being filed appear:

---

[2]   Although the cover page of the Derivative Action Complaint states that the matter was to be filed in this Court's Southern Division (*see* Ex. G), it was in fact filed in the Western Division.

(a) To arise from the same or a closely related transaction, happening or event; or

(b) To call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges; or

(d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present.

The Notice of Related Case(s) shall also include a brief factual statement setting forth the basis for the attorney's belief that the action qualifies for related case transfer.

Furthermore, under Section 5.2 of General Order No. 08-05,

Whenever a party files a Notice of Related Cases indicating that any one or more of the above circumstances ... exist, the Clerk shall prepare a proposed transfer order to be reviewed by the judge to whom the case first filed was assigned (the transferee judge). The Clerk shall also simultaneously provide an informational copy of the proposed transfer order to the judge randomly assigned to the case later filed (the transferor judge). If the transferee judge approves the transfer, the case shall be transferred to the calendar of the transferee judge.

## IV.   THE SECURITIES CLASS ACTION AND DERIVATIVE ACTION ARE RELATED

Because the Securities Class Action and Derivative Action arise from substantially the same factual allegations and involve substantially the same parties, the interests of judicial economy and the interests of the parties would be furthered if these matters were heard by a single Judge.

1    First, both the Securities Class Action and Derivative Action stem from and

2  relate to the same transactions and events: (i) alleged misstatements by STEC

3  regarding the Company's competitive position, and (ii) STEC's November 3, 2009

4  announcement that one of its customers might carry inventory from 2009 into 2010,

5  potentially affecting the Company's first quarter 2010 financial results.  The actions

6  focus on the same time period and even rely on and quote at length the same press

7  releases, conference call transcripts, and other items.  Furthermore, one of the key

8  factual issues in both matters will be the Individual Defendants' knowledge

9  regarding the alleged misstatements at issue.

10    Second, the Securities Class Action and the Derivative Action involve

11  substantially overlapping parties.  While the Derivative Action names additional

12  defendants -- namely, members of STEC's Board of Directors -- in the majority of

13  the Securities Class Action complaints and in the Derivative Action, STEC,

14  Manouch Moshayedi, Mark Moshayedi, and Raymond D. Cook are all named as

15  defendants.

16    Third, the Securities Class Action and Derivative Action should be heard by

17  a single Judge in order to ensure the efficient case management of these matters,

18  including the coordination of discovery in the event the two matters survive the

19  pleading stage.  Given the substantial overlap of the allegations in the cases, it

20  would be a substantial waste of judicial resources for two Judges to become

21  acquainted with the same, complex factual issues and potentially coordinate

22  discovery regarding those same issues.

23    Finally, if both the Securities Class Action and the Derivative Action

24  proceed on the merits, the Plaintiffs in the Derivative Action will seek to prove that

25  the Individual Defendants engaged in essentially the same alleged wrongdoing that

26  is alleged against both the Company and certain Individual Defendants in the

27  Securities Class Action.  Because any such proof against the Individual Defendants

28  would be held against the Company in the Securities Class Action, simultaneous

1  pursuit of the Derivative Action could impair the Company's ability to defend

2  itself in the Securities Class Action.  Accordingly, the two matters should be heard

3  by a single Judge who would best be able to resolve and protect the parties from

4  such potential conflicts.

5  **V.     CONCLUSION**

6        For the foregoing reasons, Defendants request that pursuant to Local Rule

7  83-1.3.1 and Section 5.2 of General Order No. 08-05, the Securities Class Action

8  and Derivative Action be deemed related, and that because the Securities Class

9  Action was filed first, the Derivative Action be transferred to Judge Selna.

10

11                                LATHAM & WATKINS LLP

12                                Patrick E. Gibbs
                                  *patrick.gibbs@lw.com*
                                  Michele D. Johnson
13                                *michele.johnson@lw.com*
                                  Carolyn A. Dawes
14                                *carolyn.dawes@lw.com*
                                  Christopher W. Johnstone
15                                *chris.johnstone@lw.com*

16                                140 Scott Drive
                                  Menlo Park, California 94025
17                                (650) 328-4600

18

19  Dated: March 2, 2010                 Respectfully submitted,

20
                                  LATHAM & WATKINS LLP
21                                Patrick E. Gibbs
                                  Michele D. Johnson
22                                Carolyn A. Dawes

23
                                  By _____ /s/ _____
24                                Christopher W. Johnstone
                                  Attorneys for Nominal Defendant
25                                STEC, Inc. and Individual Defendants
                                  Manouch Moshayedi, Mark
26                                Moshayedi, Raymond D. Cook, Rajat
                                  Habri, F. Michael Ball, Christopher
27                                W. Colpitts, Matthew L. Witte and
                                  Dan Moses

28