ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (168593)
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
FRANCIS A. DIGIACCO (265625)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
travisd@rgrdlaw.com
bennyg@rgrdlaw.com
fdigiacco@rgrdlaw.com

KENDALL LAW GROUP, LLP
JOE KENDALL
HAMILTON LINDLEY
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com
hlindley@kendalllawgroup.com

Attorneys for Plaintiff

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BUILDING TRADES UNITED PENSION TRUST FUND, Derivatively on Behalf of STEC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MANOUCH MOSHAYEDI, et al., <br><br> Defendants, <br><br> – and – <br><br> STEC, INC., a California corporation, <br><br> Nominal Defendant | <u>CV10-00667-JVS(MLGx).</u> <br><br> PRE-TRIAL ORDER NO. 1 CONSOLIDATING THE ACTIONS, APPOINTING AND APPROVING LEAD COUNSEL AND SETTING SCHEDULE FOR FILING OF CONSOLIDATED COMPLAINT AND DEFENDANTS' RESPONSES |

512559_1

The Stipulation having been considered and GOOD CAUSE APPEARING THEREFORE, the Court orders as follows:

**CONSOLIDATION OF THE RELATED SHAREHOLDER DERIVATIVE ACTIONS**

1. The following actions are hereby related and consolidated for all purposes, including pre-trial proceedings and trial:

| **ABBREVIATED CASE NAME** | **CASE NUMBER** | **DATE FILED** |
|---|---|---|
| *Building Trades United Pension Trust Fund v. Moshayedi, et al.* (the "*Building Trades* Action") | 2:10-cv-00667-JVS-MLG | January 29, 2010 |
| *Gerov v. Moshayedi, et al.* (the "*Gerov* Action") | 8:10-cv-00220-DOC-AN | February 22, 2010 |

The foregoing actions are hereafter referred to as the "Consolidated Action." The plaintiffs in the *Building Trades* Action and *Gerov* Action, and any plaintiff(s) in any Subsequent Action (as defined below) are hereafter collectively referred to in this Pretrial Order No. 1 Consolidating the Actions, Appointing and Approving Lead Counsel and Setting Schedule for Filing of Consolidated Complaint and Defendants' Responses ("Pretrial Order No. 1") as "Plaintiffs."

2. Any other derivative action hereafter filed in or transferred to this Court, which meets the requirements of L.R. 83-1.3.1(a)-(d) with respect to the Consolidated Action ("Subsequent Action") shall be consolidated with the Consolidated Action for all purposes, if a notice of related action pursuant to L.R. 83-1.3.1 that identifies this Consolidated Action as related is filed and served on the attorneys for the plaintiff(s) in the Subsequent Action and on any defendant(s) in the Subsequent Action, and such notice is not opposed, or the Court otherwise orders consolidation. This Pretrial Order No. 1 shall apply to any such Subsequent Action.

3. None of the provisions of this Pretrial Order No. 1, either individually or collectively, shall in any way operate as a waiver of the right of, or otherwise

- 1 -

512559_1

preclude, any party hereto from hereafter either seeking by appropriate motion to consolidate with the Consolidated Action for any or all purpose(s) any action, regardless of where such action was commenced and regardless of whether such action was commenced prior to, on or after the date the Pretrial Order No. 1 is signed by the Court, or from opposing any such consolidation motion.

**CAPTION OF CASES**

4. Every pleading filed in this Consolidated Action, or in any Subsequent Action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>SOUTHERN DIVISION

| | |
|---|---|
| IN RE STEC, INC. DERIVATIVE LITIGATION ) ) ) | Master File No. **CV10-00667-JVS(MLGx)** |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | |

**MASTER DOCKET**

5. A Master Docket and a Master File are hereby established for the Consolidated Action, including any Subsequent Action(s) subsequently filed in or transferred to this Court. The Master Docket number shall be **CV10-00667-JVS(MLGx).** The files of all actions consolidated herein shall be maintained in one file under Master File No**. CV10-00667-JVS(MLGx).**

6. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "ALL ACTIONS" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the

action(s) to which the document is intended to be applicable by last name of the named plaintiff(s) and the docket number(s) of that particular action.

7. When a pleading or other court paper is filed and the caption, pursuant to paragraph 6 above, shows that it is to be applicable to "ALL ACTIONS," the clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

8. When a pleading or other court paper is filed and the caption, pursuant to paragraph 6 above, shows that it is applicable to fewer than all actions that are consolidated before this Court, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and the docket of each action.

9. For every Subsequent Action, the Clerk of this Court shall:

   (a) file a copy of this Pretrial Order No. 1 in the separate file for such action;

   (b) mail a copy of this Pretrial Order No. 1 to the attorneys for the plaintiff(s) in the Subsequent Action and to any defendant(s) in the Subsequent Action; and

   (c) make the appropriate entry in the Master Docket No. **CV10-00667-JVS(MLGx).**

   (d) ORGANIZATION OF COUNSEL

10. Lead Counsel for Plaintiffs for the conduct of these consolidated actions is:

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
TRAVIS E. DOWNS III
BENNY C. GOODMAN III
FRANCIS A. DIGIACCO
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
Facsimile: 619/231-7423

- 3 -

512559_1

|   |   |
|---|---|
| 1 | GLANCY BINKOW & GOLDBERG LLP |
| 2 | MICHAEL GOLDBERG |
| 3 | 1801 Avenue of the Stars, Suite 311 |
|   | Los Angeles, CA 90067 |
| 4 | Telephone: 310/201-9150 |
| 5 | Facsimile: 310/201-9160 |

11. Lead Counsel shall have authority to speak for all Plaintiffs in the Consolidated Action with respect to the following matters: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) the retention of experts; (e) the designation of which attorneys may appear at hearings and conferences with the Court; (f) any other pre-trial procedure; (g) the conduct of trial; (h) the timing and substance of any settlement negotiations with defendants; and (i) other matters concerning the prosecution or resolution of any or all the cases that are included in the Consolidated Action, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Lead Counsel shall have authority to communicate with defendants' counsel and the Court on behalf of all Plaintiffs. Defendants' counsel may rely on all agreements made with either Lead Counsel, and such agreements shall be binding on the other Lead Counsel and their respective plaintiff(s), and on any other counsel and all plaintiffs in any Subsequent Action that has been consolidated with this Consolidated Action, whether before or after any such agreement.

12. Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through Lead Counsel.

512559_1

**PLEADINGS AND MOTIONS**

13. Plaintiffs shall file a Consolidated Complaint no later than 45 days from the date of entry of this Pretrial Order No. 1, unless otherwise agreed between the parties and approved by the Court, which shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. Defendants are not required to respond (by answer, motion or otherwise), to any pending complaint in this Consolidated Action, or to any complaint that may hereafter be filed in any Subsequent Action.

14. Defendants shall have up to 45 days after the filing of the Consolidated Complaint to move, answer, or otherwise respond to the Consolidated Complaint unless otherwise agreed between the parties and approved by the Court, or unless the Court grants additional time upon a showing of good cause by any one or more of defendants or nominal defendant STEC, Inc. pursuant to a motion filed with the Court requesting additional time to answer or otherwise respond to the Consolidated Complaint. Plaintiffs shall file their opposition to any motion(s) filed by any defendant(s) within 45 days after the filing of such motion(s) unless otherwise agreed between the parties and approved by the Court, or the Court grants additional time upon a showing of good cause by the requesting party. Defendants shall file any replies to Plaintiffs' opposition within 30 days after Plaintiffs' filing of the opposition unless otherwise agreed between the parties and approved by the Court, or the Court grants additional time upon a showing of good cause by the requesting party. Counsel shall confer and agree on a proposed hearing date acceptable to the Court.

15. Defendants shall effect service of papers on Plaintiffs by serving a copy of same on Lead Counsel by overnight mail, fax, e-mail or hand delivery. Plaintiffs shall effect service of papers on defendants' counsel by overnight mail, fax, e-mail or hand delivery.

16. The terms of this Pretrial Order No. 1 and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any of the actions consolidated herein.

17. The terms of this Pretrial Order No. 1 and the appointment and approval of Lead Counsel shall not constitute a waiver by any defendant of any objections or defenses they may have to any claims, including any defenses or objections under Rule 23.1 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  April 13, 2010

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

512559_1